[704 NYS2d 79]

In the Matter of EDWARD J. TIGHE (Admitted as EDWARD JOHN TIGHE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 10, 2000

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana Maxfield Kearse* of counsel), for petitioner.

*Edward J. Tighe,* Flushing, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The respondent was charged in a petition, dated November 10, 1998, with one count of professional misconduct. After hearings on March 4 and April 8, 1999, the Special Referee sustained the charge. The Grievance Committee moved to confirm the Special Referee's report. The respondent submitted an affidavit joining in the motion to confirm, but requesting immediate reinstatement.

Charge One alleged that the respondent failed to cooperate with a legitimate investigation of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (former [8]) (22 NYCRR 1200.3 [a] [5], [7] [former (8)]).

On May 8, 1998, the Grievance Committee forwarded to the respondent the complaint of James Sullivan with a request for a written answer within 10 days. The Grievance Committee advised the respondent that an unexcused failure to reply would constitute professional misconduct, independent of the merits of the complaint.

The respondent failed to contact the Grievance Committee in any manner, and on June 1, 1998, the Grievance Committee sent him a second letter via regular and certified mail. The Grievance Committee again directed the respondent to submit his answer within 10 days, and advised him that the failure to do so could result in a motion for his suspension, pursuant to 22 NYCRR 691.4 (*l*) (1) (i). On June 17, 1998, the respondent telephoned the Grievance Counsel and was granted a one-week extension. On June 30, 1998, the respondent informed Grievance Counsel that he would mail his answer by July 2, 1998. The respondent again failed to submit an answer to the complaint. On July 24, 1998, the Grievance Counsel telephoned

the respondent to inquire as to the whereabouts of his answer. The respondent promised to deliver his answer on July 27, 1998, but again failed to deliver it.

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider that he has never been charged with misconduct directly affecting a client or third party, that he has been candid with the Grievance Committee, and that he resolves to continue treatment to deal with his problems. While the respondent requests that the Court confirm the report of Special Referee Clarke, he asks that the Court consider his immediate reinstatement and some alternative sanction which would enable him to earn a livelihood in his chosen profession.

The Grievance Committee notes that this is the third time that the respondent's failure to cooperate with a Grievance Committee investigation has warranted disciplinary action. By order dated November 13, 1989, this Court denied the Grievance Committee's first suspension motion when the respondent answered two pending complaints upon being served with an order to show cause seeking his suspension. The Court referred those matters back to the Grievance Committee which issued a personally-delivered admonition, dated January 9, 1990, for the respondent's failure to cooperate. The respondent was suspended on an interim basis on October 5, 1990, for failing to answer another complaint. That matter resulted in a one-year suspension, imposed retroactively to October 5, 1990. On March 17, 1999, the respondent was issued an admonition for neglecting the Sullivan case on which the present charge of failure to cooperate is based.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, O'BRIEN, JOY and S. MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Edward J. Tighe, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the two-

year period, upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Edward J. Tighe, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.